Submitted on record and brief March 25, affirmed
April 17, 1968

ALBERT  G.  HINTZ, *Appellant, v.* GLADDEN,
*Respondent.*

439 P. 2d 884

Albert G. Hintz in propria persona for appellant.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

While serving a sentence in the Oregon State Penitentiary for the crime of knowingly uttering and publishing a forged bank check, petitioner filed in circuit court an application for the issuance of a writ of habeas corpus. His conviction had been previously affirmed in this court. *State v. Hintz*, 244 Or 375, 417 P2d 1022 (1966). The circuit court dismissed the petition upon the ground that it failed to state a sufficient basis for the issuance of a writ. Petitioner thereupon appealed the order of dismissal to this court. Petitioner represents himself and the state made no appearance in the circuit court or in this court.

Petitioner alleges that, pursuant to a plea of guilty, he was put on probation March 14, 1963, and that the probation was subsequently revoked and he received the sentence he is now serving. An examination of the petition discloses that the alleged grounds for the issuance of the writ are: (1) the failure of the sentencing court, prior to petitioner's plea of guilty, to advise petitioner of the penalty that could be meted; (2) the denial of a transcript of the hearing granting probation which prevented petitioner from preparing an appeal; (3) at the time of the plea the imposition of sentence was suspended and petitioner was placed on probation for a period of five years to commence at the completion of a prior sentence petitioner was then serving.

Any relief to which petitioner is entitled under

(1) and (2) above is by way of post-conviction procedure and not by habeas corpus.

■ Under (3) above the petitioner may be attempting to raise the issue that his probation was not revoked during the effective life of the probation order. He may be contending that ORS 137.510(1) limits the period of probation to five years from the date of the order of probation. If it is so limited, the order of probation, which was to commence in the future, would have no effect during the sentence he was then serving nor after the elapse of five years from the date of the order. If such is his claim, the petition does not state grounds for relief. It does not allege facts from which it can be determined whether the revocation proceeding was instituted during a period which it is claimed was not covered by the order of probation.

It is, therefore, unnecessary to determine whether any relief under (3) above would be cognizable under post-conviction proceedings pursuant to ORS 138.530 or under habeas corpus pursuant to ORS 138.540(2).

The order of dismissal of the trial court is affirmed.